FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 26 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KRISTIN DIPIERRO,

                  Plaintiff,

CV 11- 4658

CF CASE

GLEESON, J.

2011 Civ.

-against-

MORGANS HOTEL GROUP CO. d/b/a HARD ROCK
HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS
d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL
ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL &
CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL &
CASINO and LAUREN GOLDFARB,

                  Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**SUMMONS ISSUED**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, **KRISTIN DIPIERRO**, by her attorney, **LAW OFFICE OF JOSEPH FARELLA, P.C.** complaining of the Defendants, respectfully alleges, upon information and belief:

### AS FOR A FIRST CAUSE OF ACTION

1. That at the time of the commencement of this action, Plaintiff, **KRISTIN DIPIERRO**, resided in the County of Kings, City and State of New York.

2. That this cause of action alleged herein arose in the County of Clark, City of Las Vegas and State of Nevada.

3. This Court is a proper venue for this action under 28 U.S.C. 1332, because diversity jurisdiction exists in that the Plaintiff is domiciled in the State of New York, Defendant, **LAUREN GOLDFARB**, is domiciled in the State of New Jersey, the corporate Defendants, **MORGANS HOTEL GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL &**

**CASINO** and **WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO,** are all organized under the Laws of States other than New York, and the amount in controversy exceeds **Seventy-Five Thousand Dollars ($75,000.00).**

4. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO. d/b/a HARD ROCK HOTEL & CASINO,** was, and is, a foreign entity, duly registered and licensed to conduct business in the State of Delaware, conducting business as the **HARD ROCK HOTEL & CASINO** in the State of Nevada.

5. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO. d/b/a HARD ROCK HOTEL & CASINO,** was, and is, engaged in the business of promoting and operating public nightclub and drinking establishments, and offering hospitality services and hotel accommodations, to New York State residents.

6. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO. d/b/a HARD ROCK HOTEL & CASINO,** committed tortuous acts outside the State of New York, with consequences within the State of New York.

7. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.,** owned the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

8. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.,** operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

9. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.,** operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada as a public nightclub, drinking

establishment and hotel licensed through the governing agencies of the County of Clark, City of Las Vegas and State of Nevada.

10. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.**, managed the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

11. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.**, maintained the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

12. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.**, controlled the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

13. At all times hereinafter mentioned, Defendant, **MORGANS HOTEL GROUP CO.**, provided security for the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

14. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK HOTEL & CASINO**, was, and is, a foreign entity, conducting business as the **HARD ROCK HOTEL & CASINO** in the State of Nevada.

15. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK HOTEL & CASINO**, was, and is, engaged in the business of promoting and operating public nightclub and drinking establishments, and offering hospitality services and hotel accommodations, to New York State residents.

16. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK HOTEL & CASINO**, committed tortuous acts outside the State of New York, with consequences within the State of New York.

17. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, owned the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

18. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

19. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada as a public nightclub, drinking establishment and hotel licensed through the governing agencies of the County of Clark, City of Las Vegas and State of Nevada.

20. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, managed the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

21. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, maintained the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

22. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, controlled the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

23. At all times hereinafter mentioned, Defendant, **DLJ MERCHANT BANKING PARTNERS**, provided security for the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

24. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO**, was, and is, a foreign entity, conducting business as the **HARD ROCK HOTEL & CASINO** in the State of Nevada.

25. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO**, was, and is, engaged in the business of promoting and operating public nightclub and drinking establishments, and offering hospitality services and hotel accommodations, to New York State residents.

26. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO,** committed tortuous acts outside the State of New York, with consequences within the State of New York.

27. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, owned the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

28. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

29. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada as a public nightclub, drinking establishment and hotel licensed through the governing agencies of the County of Clark, City of Las Vegas and State of Nevada.

30. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, managed the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

31. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, maintained the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

32. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, controlled the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

33. At all times hereinafter mentioned, Defendant, **BROOKFIELD REAL ESTATE FINANCE FUND II**, provided security for the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

34. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, was, and is, a foreign entity, conducting business as the **HARD ROCK HOTEL & CASINO** in the State of Nevada.

35. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, was, and is, engaged in the business of promoting and operating public nightclub and drinking establishments, and offering hospitality services and hotel accommodations, to New York State residents.

36. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO,** committed tortuous acts outside the State of New York, with consequences within the State of New York.

37. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, owned the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

38. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

39. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, operated the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada as a public nightclub, drinking establishment and hotel licensed through the governing agencies of the County of Clark, City of Las Vegas and State of Nevada.

40. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, managed the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

41. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, maintained the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

42. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, controlled the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

43. At all times hereinafter mentioned, Defendant, **WG-HARMON, LLC**, provided security for the **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada.

44. That at all times herein mentioned, use of the names/terms, Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON,**

LLC d/b/a **HARD ROCK HOTEL & CASINO**, are to be construed to include and describe said Defendants, as well as all of their respective security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors, and/or other affiliates bearing any culpable conduct herein.

45. This Court has jurisdiction over these corporate Defendants because they do sufficient business within the State of New York, have sufficient minimum contacts with the State of New York, including maintaining offices herein, and otherwise intentionally avail themselves of the markets in the State of New York, as well as promotion, marketing and sale of their establishments, products and services in this State so as to render the exercise of jurisdiction by the New York Courts permissible under traditional notions of fair play and substantial justice, and pursuant to Article 3 of the N.Y. C.P.L.R.

46. This Court is a proper venue for this action because the Defendants provide public nightclub and drinking establishments, hospitality services and hotel accommodations to residents of the State of New York, County of Kings, the Plaintiff resides in Kings County and Plaintiff secured Defendants' promotions, establishments, services and accommodations in and through the States of New York.

47. At all times hereinafter mentioned, Defendant, **LAUREN GOLDFARB**, resided in the State of New Jersey.

48. At all times hereinafter mentioned, Defendant, **LAUREN GOLDFARB**, committed tortuous acts outside the State of New York, with consequences within the State of New York.

49. That on September 26, 2010, and at all times hereinafter mentioned, Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL**

ESTATE FINANCE FUND II d/b/a **HARD ROCK HOTEL & CASINO**, **WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, held out their public nightclub, drinking establishment and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada, to be safe for all known, and reasonably foreseeable, uses by all lawful invitees and guests.

50. That on September 26, 2010, and at all times hereinafter mentioned, it was the duty of Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, to own, operate, manage, maintain, control, supervise, and secure their public nightclub, drinking establishment, and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada, in a reasonably safe manner and condition for all known, and reasonably foreseeable, uses by all lawful invitees and guests.

51. That on September 26, 2011, Plaintiff, **KRISTIN DIPIERRO**, was a lawful invitee and guest at and within the above-mentioned public nightclub, drinking establishment and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and state of Nevada.

52. That on September 26, 2011, Defendant, **LAUREN GOLDFARB**, was present at and within the above-mentioned public nightclub, drinking establishment and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and state of Nevada.

53. That on September 26, 2010, the Plaintiff was lawfully and properly at and within the above-mentioned public nightclub, drinking establishment and hotel, known as **HARD**

ROCK HOTEL & CASINO, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and state of Nevada, when the Defendant, **LAUREN GOLDFARB**, and at that time without any just cause or provocation, and without Plaintiff's consent, did punch, surround, hold, beat strike, bite, stomp and pummel the Plaintiff, and intentionally, viciously, maliciously, willfully, and wantonly assaulted, beat and struck the Plaintiff.

54. That by direct and proximate cause, reason and consequence of Defendant, **LAUREN GOLDFARB**'s, assault and battery, the Plaintiff sustained serious bodily injuries with accompanying pain and suffering, and was rendered sick, sore and bruised, and sustained, among other injuries: bruises and lacerations of the face and head, requiring emergency medical and surgical attention and suturing, and causing scars; that some of the injuries are permanent; and that Plaintiff has, as a result thereof, for some time, been confined to her bed and house, and has required, and will require, future medical treatments and plastic surgery, medicines and medical attention; and has been prevented, and will be prevented, from pursuing her usual and ordinary vocation; and has expended or incurred large sums, and will be required to expend and incur further sums, for medical and other attention.

55. That as a result of the aforesaid assault and battery, Plaintiff, **KRISTIN DIPIERRO**, was seriously injured.

56. That the aforesaid occurrence was caused by the Defendant, **LAUREN GOLDFARB**, without any fault or negligence on the part of the Plaintiff contributing thereto.

57. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, sustained severe and permanent personal injuries and was otherwise caused severe pain and suffering.

58. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, has been damaged in the sum of **Five Million Dollars ($5,000,000.00)**.

## AS AND FOR A SECOND CAUSE OF ACTION

59. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, with the same force and effect as if set forth at length herein.

60. The above mentioned occurrence, and the results thereof, were caused by the negligence, individually, jointly and/or severally, of the Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, and/or said Defendants' security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates in the ownership, operation, management, maintenance, control, supervision and security, or failure to provide proper security therefore, including the failure to properly hire, train instruct and supervise their security staff, of their public nightclub, drinking establishment and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada; and Defendants were otherwise negligent, careless and reckless in the premises.

61. That by direct and proximate cause, reason and consequence of the Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**'s, negligence, the Plaintiff sustained serious bodily injuries with accompanying pain and suffering, and was rendered sick, sore and bruised, and sustained, among other injuries: bruises and lacerations of the face and head, requiring emergency medical and surgical attention and suturing, and causing scars; that some of the

injuries are permanent; and that Plaintiff has, as a result thereof, for some time, been confined to her bed and house, and has required, and will require, future medical treatments and plastic surgery, medicines and medical attention; and has been prevented, and will be prevented, from pursuing her usual and ordinary vocation; and has expended or incurred large sums, and will be required to expend and incur further sums, for medical and other attention.

62. That as a result of the aforesaid negligence, Plaintiff, **KRISTIN DIPIERRO**, was seriously injured.

63. That the aforesaid occurrence was caused by the Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, without any fault or negligence on the part of the Plaintiff contributing thereto.

64. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, sustained severe and permanent personal injuries and was otherwise caused severe pain and suffering.

65. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, has been damaged in the sum of **Five Million Dollars ($5,000,000.00)**.

## AS AND FOR A THIRD CAUSE OF ACTION

66. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, with the same force and effect as if set forth at length herein.

67. Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK**

HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO, were under a heightened duty to exercise care commensurate with the foreseeable risk of danger created by the erratic and threatening behavior demonstrated by several of the patrons of their public nightclub, drinking establishment and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada, in the day of September 26, 2010, through its security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates, and had a duty to remove the offending patrons from their establishment and premises after receiving notice that, in particular, Defendant, **LAUREN GOLDFARB**, presented a real, dangerous and impending serious threat and problem to its invitees and guests, in particular, the Plaintiff, **KRISTIN DIPIERRO**.

68. Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**'s, as well as their security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates, were charged with the duty to exercise care commensurate with the reasonably foreseen risk of danger created and demonstrated by, in particular, Defendant, **LAUREN GOLDFARB**, in the course of the day of September 26, 2010.

69. Because of the numerous complaints made by Plaintiff, and others, about, in particular, Defendant, **LAUREN GOLDFARB**, in particular, regarding this Defendant's offensive, dangerous, intimidating, unruly, violent and belligerent conduct, threats and behavior exhibited thereat, Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL &**

CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO, as well as their security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates, knew, or should have known, that it was foreseeable that those threats and behavior would, with probable certainty, escalate to physical abuse, assault and battery, and/or that their patrons would be injured, in particular Plaintiff, **KRISTIN DIPIERRO**.

70. That in the course of the day of September 26, 2010, Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, as well as their security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates, were negligent, reckless and careless in failing to reasonably act and behave under the circumstances then and there prevailing; in acting improperly in the ownership, operation, management, maintenance, control, supervision and security, or failure to provide proper security therefore, including the failure to properly hire, train instruct and supervise their security staff, of their public nightclub, drinking establishment and hotel, known as **HARD ROCK HOTEL & CASINO**, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada; in failing to take proper precautions and actions for the safety and well-being of their patrons, and persons lawfully at and within their establishment and premises; in permitting patrons and persons at their establishment and premises to become drunk, offensive, dangerous, intimidating, unruly, violent and belligerent, and failing to supervise same; in negligently serving, and continuing to serve, alcoholic beverages to persons while intoxicated; and in being generally reckless and negligent in the premises.

71. That the Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, as well as their security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates, with actual knowledge of the dangerous condition existing thereat, failed to remove certain patrons and persons from their establishment and premises, in particular, Defendant, **LAUREN GOLDFARB**, in order to avoid the probably certain harm that was to, and did, befall the Plaintiff, **KRISTIN DIPIERRO**, and others, and with knowledge of the danger then and there existing, continued to serve alcohol to said patrons, and allow said patrons to remain present within its establishment, in a drunk, offensive, dangerous, intimidating, unruly, violent and belligerent state, without proper security, supervision and control.

72. That the Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, as well as their security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates with actual knowledge of the dangerous condition existing thereat, failed to provide adequate and proper security for the public benefit of the Plaintiff, **KRISTIN DIPIERRO**, as well as other patrons, who were lawful invitees and guests at, within and upon its public establishment and premises.

73. That on September 26, 2010, the Plaintiff was lawfully and properly at and within Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO,**

BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO's, public nightclub, drinking establishment and hotel, known as HARD ROCK HOTEL & CASINO, located at 4455 Paradise Road, in the County of Clark, City of Las Vegas and State of Nevada, and while said Defendants had actual knowledge of the dangerous condition existing thereat by certain patrons, in particular, the dangerous conditions exhibited by Defendant, LAUREN GOLDFARB, Defendant, LAUREN GOLDFARB, and at that time without any just cause or provocation, and without Plaintiff's consent, did punch, surround, hold, beat, kick, strike, bite, stomp and pummel the Plaintiff, and intentionally, viciously, maliciously, willfully and wantonly assaulted, beat and struck the Plaintiff.

74. That by direct and proximate cause, reason and consequence of Defendants, MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO's, as well as their security personnel, staff, employees, agents, servants, licensees, contractors, subcontractors and/or other affiliates', negligence, the Plaintiff sustained serious bodily injuries with accompanying pain and suffering, and was rendered sick, sore and bruised, and sustained, among other injuries: bruises and lacerations of the face and head, requiring emergency medical and surgical attention and suturing, and causing scars; that some of the injuries are permanent; and that Plaintiff has, as a result thereof, for some time, been confined to her bed and house, and has required, and will require, future medical treatments and plastic surgery, medicines and medical attention; and has been prevented, and will be prevented, from pursuing her usual and ordinary vocation; and has expended or incurred large sums, and will be required to expend and incur further sums, for

medical and other attention.

75. That as a result of the aforesaid negligence, Plaintiff, **KRISTIN DIPIERRO**, was seriously injured.

76. That the aforesaid occurrence was caused by the Defendants, **MORGANS GROUP CO. d/b/a HARD ROCK HOTEL & CASINO, DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO, BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a HARD ROCK HOTEL & CASINO, WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO**, without any fault or negligence on the part of the Plaintiff contributing thereto.

77. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, sustained severe and permanent personal injuries and was otherwise caused severe pain and suffering.

78. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, has been damaged in the sum of **Five Million Dollars ($5,000,000.00)**.

## AS AND FOR A FOURTH CAUSE OF ACTION

79. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, with the same force and effect as if set forth at length herein.

80. That by reason of the Defendants' joint and/or several intentional, deliberate, vicious, malicious, reckless, willful and wanton conduct, which exhibited a conscious and deliberate disregard of Plaintiff's person and well-being, with the likeliness that Plaintiff's injury and harm was certain to occur, Plaintiff seeks punitive damages hereunder.

81. That by reason of the foregoing, Plaintiff, **KRISTIN DIPIERRO**, has been damaged in the sum of **Five Million Dollars ($5,000,000.00)**.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, upon each cause of action, in the sums of **Five Million Dollars ($5,000,000.00)** each, together with the costs and disbursements of this action.

Dated:  Staten Island, NY
     September 22, 2011

                     _____
                 By: Joseph Farella (JF6845)
                 LAW OFFICE OF JOSEPH FARELLA, P.C.
                 Attorney for Plaintiff
                 KRISTIN DIPIERRO
                 1444 Clove Road - 2nd Floor
                 Staten Island, NY 10301
                 (718) 928-9554

## ATTORNEY'S VERIFICATION

**Joseph Farella**, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York the affirms the following to be true under the penalties of perjury:

I am Plaintiff, **KRISTIN DIPIERRO**'s, attorney of record, practicing at the **LAW OFFICE OF JOSEPH FARELLA, P.C.** I have read the annexed:

### SUMMONS and COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated:   Staten Island, NY
         September 22, 2011

_____
Joseph Farella (JF6845)

# **RIDER**

MORGANS HOTEL GROUP CO. d/b/a HARD ROCK HOTEL & CASINO
4455 Paradise Road
Las Vegas, NV 89169

DLJ MERCHANT BANKING PARTNERS d/b/a HARD ROCK, HOTEL & CASINO
4455 Paradise Road
Las Vegas, NV 89169

BROOKFIELD REAL ESTATE FINANCE FUND II d/b/a
HARD ROCK HOTEL & CASINO
4455 Paradise Road
Las Vegas, NV 89169

WG-HARMON, LLC d/b/a HARD ROCK HOTEL & CASINO
4455 Paradise Road
Las Vegas, NV 89169

LAUREN GOLDFARB
217 Forman Avenue
Point Pleasant Beach, NJ 08742